6597

## STATE v. MOSS.

THE PLEA OF SELF-DEFENSE in a homicide case may be set up from the evidence of the State without evidence on part of defense, but the burden of proving the plea does not on that account shift from the defense. Under charge here jury could not have been led to believe it was necessary for defense to put up evidence to support the plea.

Before GARY, J., Orangeburg, September, 1906. Affirmed.

Indictment for murder against Daisy Moss and Samuel Patterson. From sentence, Daisy Moss appeals.

*Messrs. Raysor & Summers* and *Abial Lathrop*, for appellant.

*Solicitor P. T. Hildebrand*, contra.

July 16, 1907. The opinion of the Court was delivered by

MR. JUSTICE WOODS. The defendants were tried on an indictment charging them with the murder of Marshall McCreary. Samuel Patterson was acquitted. Daisy Moss having been convicted of manslaughter, asked a reversal of the judgment on account of alleged error in the charge of the Circuit Judge.

Evidence was adduced on behalf of the State that the appellant shot McCreary to death, but some of the evidence tended strongly to show the killing was in self-defense. Relying on this evidence, the appellant put up no witnesses. The Circuit Judge charged: "Now the defense set up in this case, as I judge from the arguments, is self-defense, and self-defense is a good defense when properly made out. The law does not permit a defendant simply to set up the plea of self-defense, he must go further than that and prove his plea by the preponderance of the evidence, it is incumbent on him to sustain his plea by the preponderance of the testimony."

The contention is that it was error to charge the defendants were under any burden to establish, by the preponderance of the evidence, the plea of self-defense, when they elected to rely on the failure of the State to prove their guilt. We think the position is unsound. Proof of the killing of a human being raises the presumption of guilt. It is true, the

presumption ends when the circumstances appear, but the burden of showing the killing was in self-defense by the preponderance remains.

If the accused conceives the State has made proof of self-defense for him, he may adopt and rely on that proof as a discharge of his burden to make the proof, but the burden does not, on that account, shift from the defendant to the State.

The jury were instructed to give the defendants the benefit of any reasonable doubt on all the issues, and we do not think the language of the charge was calculated to lead them into the error of supposing it was necessary for the defendants to put up witnesses in order to have the benefit of the plea of self-defense.

The judgment of this Court is that the judgment of the Circuit Court be affirmed.